RODERICK W. RUSSELL v. THOMAS NESTER, AARON T. BLISS AND LYMAN W. BLISS.

*Contracts—Rights of party in default—Specific performance.*

A party to a contract after being grossly in default has no absolute right to its enforcement.

'The vendor of land, after warning the purchaser, who was grossly in default, sold the premises to others who knew the facts but purchased in good faith, paying a sum which would not exceed the amount remaining due from the former purchaser and which was all that could have been obtained if they had been sold on foreclosure. The former purchaser did not warn the later one against proceeding to use the lands. *Held,* that a decree for specific performance of the first contract, on a bill against the vendor and the later purchaser, was not equitable.

Appeal from Gladwin.    Submitted June 10-14.    Decided June 22.

SPECIFIC PERFORMANCE    Complainant appeals.    Affirmed.

*Wisner & Draper* and *Michael Brennan* for complainant.

*Hanchett & Stark* for defendant.    Specific performance is a matter of discretion with the court to be exercised on just and equitable grounds to protect parties who have made reasonable efforts to preserve their rights : 1 Story Eq. Jur. §§ 769–776 ; *Smith v. Lawrence* 15 Mich. 499 ; *Hubbell v. Von Schoening* 49 N. Y. 331 ; *Bruce v. Tilson* 25 N. Y. 202.

CAMPBELL, J.   Russell filed this bill to obtain specific performance of a contract whereby Nester agreed to sell

him certain pine lands, amounting to about five hundred acres, which had been previously lumbered upon. The contract was made in December, 1874, and was for the sum of $3000, of which $100 was paid down, a lot of logs to be delivered which amounted to between $1100 and $1200, and the balance to be paid in 1876, 1877 and 1878, with interest at ten per cent.

The logs were delivered, and taxes mostly paid, but no further payment was made. Nester in February, 1878, notified Russell that he must pay at once or the contract would be forfeited. Russell not paying within the five days which Nester assumed to fix, Nester sold the property to the defendants Bliss, for the remainder due and to become due from Russell, and they took, knowing all the facts. At this time Russell made some efforts to get means but failed, and thereafter he made no personal efforts, and had no arrangements or negotiations with the purchasers. He had, soon after the contract was made, sold out a half interest to Orville C. Morris, who declined to invest further.

In the fall of 1878 the purchasers, who had not been notified to the contrary, went upon the land and during the winter got out lumber, which at the value as cut would about cover the sum which remained unpaid. Thereupon Wellington R. Burt, to whom Russell had made a sale, filed a bill to enforce specific performance, and tendered the balance unpaid, according to the terms of the contract. This suit went down for an error in the papers, and then Russell, who had taken a re-assignment, filed this bill, which is really in Burt's interest. The court below dismissed the bill.

It is not claimed that Nester's notice was of itself a complete forfeiture, but that it was a distinct warning to Russell that he must act promptly and delay no longer. The question presented is whether the delay without any further effort to pay, is such that the court should regard the purchasers as entitled to hold their bargain.

It cannot be held an absolute matter of right to have a contract enforced after there has been gross default. The vendor, if he cannot justly appropriate the moneys paid,

and still hold the land for less than its value, should always be allowed to make himself good without being subjected to unreasonable delay, and if a forfeiture of the contract is not inequitable, the court will not feel bound to disregard it.

In the present case, if Nester had offered the property for sale on a mortgage, having the same amount due, we are satisfied the land would not have sold for any more than he obtained for it. He made nothing out of the sale, and. the purchasers paid all it then appears to have been worth. If he had sold to a *bona fide* purchaser, he could not have been fairly chargeable with any more.

This being so, the delay to set up any claim to the purchasers, and the omission to warn them against incurring. expense and trouble in lumbering, renders it very inequitable to allow the defaulting party to step in and get the profit which their diligence may have earned them. They did not act in bad faith, and we think they should be protected. And we think Russell has no greater equities than he would have had against Nester if thè latter had sold to a purchaser who knew nothing of the contract. In that case the accountability of Nester, after such a long default, could not fairly have gone beyond the value of the land as then existing. And, as already stated, we do not think the market value would have exceeded what the Blisses paid for it.

The decree must be affirmed with costs.

The other Justices concurred.