OAKMAN v. ESPER.

1. SPECIFIC PERFORMANCE—NOT A REMEDY OF RIGHT—DISCRETION OF COURT.
   Specific performance is not a remedy of right, but one resting in the sound discretion of the court.

2. SAME—DEFAULT—FORFEITURE—EQUITY—DISCRETION.
   Where the purchaser on a land contract defaulted, and the vendors forfeited the contract and sold the premises to

another, as the contract provided they might do, plaintiff is not entitled to specific performance on tendering the amount due, there being no mitigating circumstances or equity which appeal to the discretion of the court.

3. SAME—TIME—ESSENCE OF CONTRACT.
   As to whether time was of the essence of the contract, *held*, under the circumstances of this case, unnecessary to discuss.

4. APPEAL AND ERROR—PLEADING—REVIEW.
   Where the pleadings in a suit for specific performance do not raise the question of the return of the down payment, it will be unnecessary for the appellate court to consider it, on appeal from a decree dismissing the bill.

Appeal from Wayne; Tucker, J., presiding. Submitted May 1, 1919. (Docket No. 96.) Decided May 29, 1919.

Bill by Robert Oakman against Gertrude Esper and others for the specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Edmond J. Stafford* (*Frank W. Atkinson*, of counsel), for plaintiff.

*Stevenson, Carpenter, Butzel & Backus* (*Thomas G. Long* and *Rockwell T. Gust*, of counsel), for defendant Esper.

BIRD, C. J. The specific enforcement of a land contract is what the bill of complaint prays for in this cause. The land contract bears date of September 1, 1916, and provides that defendants should sell and convey to plaintiff 26.66 acres of land, situate in the township of Springwells, Wayne county (known as a part of the Ford highway tract) for a consideration of $33,333, the same to be paid as follows: Down payment, $3,600; $13,066 on December 1, 1916; the balance on or before five years; the vendor, on payment

of $13,066, to give a warranty deed and take back a purchase money mortgage for the other half of the consideration. The contract further provides that defendants should retain possession of the premises until the execution and delivery of the aforesaid warranty deed. The 4th section of the contract provides that:

"If the second party shall fail to pay the said sum required to be paid within ninety (90) days from the date hereof, at any time after five (5) days after the expiration of said ninety (90) days, the first party may treat this contract as having been abandoned by the second party and may keep all sums paid hereon and for damages for the nonfulfillment hereof, and may at any time thereafter resell the said premises to any other party without any damage or liability to the second party whatsoever."

On December 1st the payment of $13,066 was due. After December 5th defendants had a right to treat the contract as abandoned. These facts were called to plaintiff's attention on December 1st but no payment was made. Plaintiff was notified by defendants, on several occasions between December 5th and December 22d, that payment must be made or the contract would be forfeited. In reply, promises were made but no payment followed them. On December 22d, plaintiff still being in default, defendants sent to plaintiff by registered mail the following notice:

"To ROBERT OAKMAN,
  "Congress Bldg.,
    "Detroit, Michigan.
  "*Dear Sir:* The payment not having been made within ninety days from the first day of September, 1916, as required by that certain contract between you and the undersigned, bearing the date last mentioned, for the sale of  *  *  *  and more than five days having elapsed since the expiration of said ninety days, you are hereby notified that the undersigned, in pursuance of paragraph 4th of said contract, does now

treat said contract as having been abandoned by you and wholly at an end.

(Signed) "GERTRUDE ESPER."

On January 13, 1917, defendants made a sale of the premises to Tarsney & Morrison. On February 5th plaintiff made a tender of the amount due on the contract, together with the interest thereon, and demanded a conveyance of the property. This, of course, was refused as his rights in the contract had been forfeited, and because the property had passed to other hands. Plaintiff then launched this proceeding to compel a conveyance, insisting, *first*, that, notwithstanding his default, time was not of the essence of the contract and that he is entitled to a conveyance. *Second*, That if the court shall hold otherwise he is entitled to a return of the down payment of $3,600.

1. It has often been observed by this court in proceedings of this character that the remedy of specific performance is not a remedy of right but one resting in the sound discretion of the court. Applying this rule to the record before us, we find little therein which appeals to our discretion in plaintiff's behalf. He permitted the day of payment to pass without either payment or excuse. He knowingly allowed the last day of grace to expire in which he could demand as of right a conveyance of the premises. For two weeks thereafter he made promises but none of them were made good. Then came the notice of forfeiture. Even this notice did not elicit protest or comment. Two months after default defendants sold the premises to Morrison & Tarsney. A month after this a tender was made to defendants and a conveyance demanded. In making the sale to other parties defendants did just what plaintiff promised in writing they might do if he did not make payment, except that they did not make it as soon as they might lawfully have made it under the stipulation. These applications to a court of equity

for relief usually include some mitigating circumstance, some unavoidable delay, or some equity which appeals to the discretion of the court, but this application is barren of any of these. It is simply a plain cold request by plaintiff to be relieved of his own supineness and neglect. We cannot see our way clear to enforce the contract under these circumstances. It would be inequitable, not only to defendants, but to their grantees, to grant the relief prayed, and this would be true even though, as claimed, that defendants' grantees had previous knowledge of the situation. *Russell* v. *Nester,* 46 Mich. 290. See, also, *Tattan* v. *Bryant,* 198 Mich. 515. Taking this view of the matter it will be unnecessary to discuss the question whether time was of the essence of the contract.

2. Should the down payment of $3,600 be ordered returned to plaintiff? As the pleadings do not raise this question it will be unnecessary to consider it.

We are of the opinion that the decree made by the trial court was the proper one under the circumstances and it is hereby affirmed, with costs to the defendants.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.