### WILSON H. RICHARDS v. LUCY M. WHITE.

*Land contract—Default in payments—Compound interest.*

A party in default in his payments on a land contract cannot, as a matter of right, discharge himself from all responsibility by tendering or paying simple interest, and become thereby entitled to a deed, espe- cially where the other party has declared the contract forfeited for the default; a court of equity can require compound interest in such cases if justice demands it. And it is not certain that specific per- formance should be compelled as a matter of law unless the other party has been also in fault.

Appeal from Kent.   Submitted Oct. 22.   Decided Nov. 10. ·

BILL for specific performance. Complainant appeals. Affirmed.

*Grove & Harris* for complainant.

*Reeves, Felker & Robinson* for defendant.

CAMPBELL, J.   Complainant filed his bill to obtain specific performance of a written contract for the sale to him by defendant of certain lands, made November 7, 1872, and providing in addition to $200 down, a further payment 'of

$200, November 7, 1873, and $150, November 7, 1874, with interest annually at 10 per cent. According to the bill he paid none of the principal or interest when due, but paid interest November 15, 1873, another year's interest due November 7, 1874, on February 5, 1875, when he made another payment which he claims was principal, one year's interest on $300 January 17, 1876, and a similar amount in February, 1877.

In November, 1877, Mrs. White notified him that she should consider the contract forfeited for his default. In April, 1878, he claims to have tendered her $347, which he insists was the amount then due in full payment, and demanded a conveyance, which she refused. He thereupon filed his bill.

The court below granted him specific performance on payment of $404.31, with interest from November 16, 1879, and required complainant to pay costs. From this he appeals and claims that by his tender he became absolutely entitled to a deed.

There are several reasons against any such a claim. He had been in default throughout and had never made a payment of principal or interest on time, and had not paid interest on the whole amount of principal at all, unless allowed to hold $50 of it several months without interest. A party in default on such a contract cannot as a matter of right come in and discharge himself from all responsibility by tendering or paying simple interest. Unless there is some reason to the contrary it is allowable for courts of equity to require compound interest in such cases if justice demands it. In this case he made no tender until several months after he had been notified of the desire of defendant to close the contract. As we figure up the amount due at the time of his tender, under the statutory rule as to instalments, it exceeded the amount which he claims to have tendered.

Moreover he did not make such a tender as defendant was bound to accept, being partly in money which was not a legal tender. But had he tendered the full amount after such a default, we are not prepared to say that the case of a land

contract is such that the defendant would as a matter of law be cut off unless herself guilty of very unreasonable conduct. But in this case no such question necessarily arises.

We think the decree was as liberal as he was entitled to under any circumstances and it must be affirmed with costs.

The other Justices concurred.