CRONEN v. MOORE.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1914.)

No. 2,283.

1. SPECIFIC PERFORMANCE (§§ 8, 99*)—RIGHT TO REMEDY—DISCRETION—PERFORMANCE BY COMPLAINT.

Specific performance is not a matter of right, but rests in the sound judicial discretion of the court, and, before it may be awarded, it must appear that complainant, on his part, has complied with the substantial conditions of the contract, under the rule that he must himself do equity and come into equity with clean hands.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 17, 18, 299–304; Dec. Dig. §§ 8, 99.*]

2. SPECIFIC PERFORMANCE (§ 130*)—CONDITIONS PRECEDENT.

In a suit for specific performance, the court may not only require compliance with all the terms of the contract by complainant as a condition precedent to performance, but in its discretion may also withhold such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relief and leave complainant to his remedy at law, unless he consents to such terms and conditions in relation to the subject-matter as the court may deem just and equitable; notwithstanding such terms may not have been expressed in the contract, subject only to the limitation that the court may not compel complainant to discharge obligations arising out of transactions distinct from and not connected with the subject-matter.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 424, 425; Dec. Dig. § 130.*]

3. SPECIFIC PERFORMANCE (§ 130*)—RIGHT TO RELIEF—CONDITIONS PRECEDENT.
Defendant having sued complainant for breach of marriage promise, a settlement was agreed on by which complainant was to pay $6,000, of which $3,000 was to be paid forthwith, and the remainder in 90 days. There were three papers prepared and signed by the parties, to wit, a stipulation dismissing the action, an instrument by which complainant certified to defendant's good character. and an instrument by which defendant discharged complainant from all claims and demands whatsoever. It was also agreed, as part of the settlement, that complainant should procure a statement from his brother and his brother's wife, who it was claimed had made statements derogatory to defendant's character, retracting the same and certifying to her good character; but this was not put in writing, though it was a material part of defendant's agreement, and, not having been furnished, defendant refused to abide by the settlement, whereupon complainant sued for specific performance. *Held*, that complainant was only entitled to such relief on furnishing the retraction, or certificate of defendant's good character, signed by complainant's brother and wife.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 424, 425; Dec. Dig. § 130.*]

Appeal from the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Suit by Walter Baker Moore against Mary E. Cronen. Decree for complainant, and defendant appeals. Modified and remanded, with instructions.

Stott & Collier, of Portland, Or., and J. L. Hope, of Astoria, Or., for appellant.

Alfred E. Clark and Malcolm H. Clark, both of Portland, Or., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This is an appeal from a decree in a suit in equity brought by the appellee against the appellant for specific performance of a contract. The contract was a part of an agreement made between the parties to the suit to compromise and settle a pending action at law which had been brought by the appellant against the appellee for breach of a contract of marriage. On February 24, 1912, the attorneys of the respective parties in that action, together with the appellant, met to settle the terms of the agreement. It was agreed, among other things, that the appellee should pay the appellant $6,000, of which $3,000 was to be paid forthwith, and the remainder within 90 days. There were prepared and signed by the parties three several papers: (1) A stipulation signed by the attorneys of the respective parties dismissing the law action; (2) an instrument signed by the appellee herein, certifying to the good character of the appellant; (3) an

instrument signed by the appellant discharging the appellee from all claims and demands whatsoever. It was agreed that the papers be deposited in escrow with the Security Savings & Trust Company. An escrow agreement was executed, reciting that the three instruments named were deposited in escrow, and the following was added:

"Settlement of all matters and things between these parties has been agreed upon, and the sum of $3,000 has been paid, and an additional $3,000 is to be paid within ninety days from this date. Upon payment of such sum to you (the trust company), to be paid to John H. Stevenson, attorney, or to his order, you are to deliver to A. B. Clark, attorney for Walter Baker Moore, the stipulation and the release above mentioned, and you are to deliver to John H. Stevenson, attorney for Miss Cronen, the statement above mentioned, signed by Walter Baker Moore. In the event said sum of $3,000 is not paid within the ninety days aforesaid, the escrow shall terminate, and the said stipulation and the said release shall be delivered to John H. Stevenson, and the said statement to A. E. Clark."

On the following day, the first $3,000 payment was made, and the papers, together with the escrow agreement, were delivered to the trust company.

The foregoing statement, however, does not represent all that was agreed to in the conference of February 24, 1912. The appellant asserted at that time that the brother of the appellee, Frank Allen Moore, and his wife, Margaret Gleason Moore, had made statements derogatory to her character, and she insistently demanded as part of the agreement of settlement that they make a written retraction of such charges, and a certificate of her good character over their signatures. This was finally assented to by the attorney for the appellee, and, upon the appellant's insisting that such a paper be executed forthwith, he agreed that it should be signed and should be delivered to the appellant as soon as it could be drafted and mailed to Walla Walla, Wash., for the signature of Frank Allen Moore and his wife. It was agreed that two weeks should be allowed for this purpose. It was further understood that, upon receipt of the same, the appellant should execute a release of said Frank Allen Moore and his wife of all demands and claims. On April 4, 1912, the promised retraction had not been obtained, and on that date the appellant wrote to the trust company a letter, rescinding and canceling all agreements theretofore made with the appellant, in regard to the pending controversy. Thereafter, on July 17, 1912, the present suit was brought, the appellee alleging in his bill the execution of the three papers that were deposited in escrow, and the escrow agreement; but he made no mention whatever of that portion of the agreement of compromise which referred to the paper to be signed by Frank Allen Moore and his wife. The answer of the appellant, however, set forth that portion of the agreement, and the breach thereof, as justifying her in rescinding all agreements. Upon the issues and the testimony taken, the court below decreed the specific performance of the contract as it was alleged in the appellee's complaint, but no mention of the retraction of Frank Allen Moore and his wife was made in the decree. From that decree the present appeal is taken.

It is impossible to consider the testimony without arriving at the conclusion that, in entering into the agreement of settlement, the prin-

cipal object sought by the appellant was vindication, the retraction of derogatory charges made by the appellee and by his brother and his brother's wife. These charges weighed heavily upon her mind, and caused her great mental distress. She paid no heed to the financial side of the transaction. This clearly appears from her testimony and the testimony of her attorneys. It is clear, also, that the agreement to procure the written retraction of Frank Allen Moore and his wife was one of the chief inducements which moved her to the settlement of the litigation. We do not think that, in the suit for specific performance, that agreement can be dissociated from the other terms of the agreement and ignored, from the mere fact that it was not mentioned in the writings which were deposited in escrow. It is obvious that the escrow agreement was not intended to embody all that was agreed to between the parties. The retraction of Frank Allen Moore and his wife was to be signed immediately, and it is the preponderance of the evidence that it was to be delivered to the appellant as soon as the signatures thereto could be obtained. And while it was not mentioned in the escrow agreement, the promise that it should be executed and delivered was nevertheless a component part of the agreement between the parties. There is no question here of varying the terms of a written escrow agreement by parol evidence. There is only the question of the equity of decreeing the specific performance of the escrow agreement, in the face of the fact that it was obtained and assented to in consideration of a material promise of the appellee, which has not been fulfilled. No excuse or explanation is offered of the failure to deliver the promised paper. It was not signed until some time after the expiration of 90 days from the date of the agreement. It has not been delivered to the appellant, and it was never tendered to her until September 4, 1912, just before the close of the trial in the court below.

[1] Specific performance is not a matter of right. It rests in the sound judicial discretion of the court. Before it may be awarded, it is an essential condition that the moving party shall have complied with the substantial conditions of the contract. He must himself do equity, and must come into court with clean hands.

[2] The court may not only require compliance with all the terms of the contract as a condition precedent to specific performance, but it is within the court's discretion to withold specific performance and leave the complainant to his remedy at law, unless he consents to submit to such terms and conditions in relation to the subject-matter of the contract as the court may deem just and equitable, notwithstanding that those terms and conditions may not have been expressed in the contract. The only limitation of the power of the court in that regard is that the complainant may not be compelled to discharge obligations arising out of transactions which are entirely distinct from, and are not connected with, the subject-matter of the suit. Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501; Westinghouse Air-Brake Co. v. Chicago Brake & Mfg. Co. (C. C.) 85 Fed. 786; Kirkland v. Downing, 106 Ga. 530, 32 S. E. 632; Richards v. White, 44 Mich. 622, 7 N. W. 233; Secrest v. McKenna, 1 Strob. Eq. (S. C.) 356.

"The principle that he who comes into court seeking equity—that is, seeking to obtain an equitable remedy—must himself do equity, means not only

that the complainant must stand in conscientious relations toward his adversary, and that the transaction from which his claim arises must be fair and just in its terms, but also that the relief obtained must not be oppressive nor hard upon the defendant, and must be so shaped and modified as to recognize, protect, and enforce all his rights arising from the same subject-matter, as well as those belonging to the plaintiff." Pomeroy on Contracts, § 175.

In Willard v. Tayloe, the court said:

"It must also appear that the specific enforcement will work no hardship or injustice, for, if that result would follow, the court will leave the parties to their remedies at law, unless the granting of the specific relief can be accompanied with conditions which will obviate that result. If that result can be thus obviated, a specific performance will generally in such cases be decreed conditionally."

[3] We think that, upon the equities of the case as shown by the record, the decree of specific performance should have conditioned the relief which was afforded to the appellee upon his delivering to the appellant the paper which was signed by Frank Allen Moore and his wife, and that, instead of ordering the payment of the costs out of the $3,000 deposited by the appellee in court, the appellee should have been required to pay the costs of the suit.

The cause is remanded, with instructions to modify the decree so as to require as a condition to specific performance of the contract sued upon, the delivery of the retraction or certificate of good character which was contracted for on February 24, 1912, and requiring the appellant in consideration thereof to deliver to the appellee a written release of all claims and demands whatsoever against said Frank Allen Moore and his wife, and decreeing that the appellee pay the costs in the court below, and further decreeing that upon the failure or refusal of the appellee to deliver said retraction or certificate within a reasonable time, to be fixed by the court below, the bill be dismissed at the appellee's cost.