SMITH *v.* STEWART.

1. SPECIFIC PERFORMANCE—TENDER OF PERFORMANCE—COSTS.

Ordinarily, the failure of a vendee to tender performance and demand a deed before filing a bill for specific performance only affects the question of costs.

2. SAME—PLAINTIFF MUST SHOW SOME EQUITY ENTITLING HIM TO REMEDY.

Plaintiff in suit for specific performance must show some equity running to himself to move the court to grant the remedy.

3. SAME—SPECIFIC PERFORMANCE DISCRETIONARY REMEDY.

Remedy by specific performance is not a remedy of right, but it rests in the sound discretion of the court.

4. SAME—VENDEE IN DEFAULT SHOWING NO EQUITIES NOT ENTITLED TO REMEDY.

A vendee who defaulted in his payments for four years, permitted six more years to elapse without evidencing any intention to meet his obligation or assert his rights, and who has offered no explanation or excuse for the default nor shown ability or readiness to perform, has raised no equities which entitle him to the discretionary remedy of specific performance.

5. SAME—RIGHT TO REDEEM UNDER FORECLOSURE DECREE DOES NOT ENTITLE VENDEE TO SPECIFIC PERFORMANCE.

If any rights accrue to the assignee of the vendee's interest in a land contract under a decree of foreclosure giving the vendee the right to redeem within six months after foreclosure sale, the remedy is in that proceeding rather than in a suit for specific performance.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 5, 1928. (Docket No. 94, Calendar No. 33,975.) Decided January 7, 1929.

Bill by Andrew Smith, assignee of Jonathan A. Zahn, against John Stewart and another for specific performance of a land contract. The Davis Investment Company intervened as a party defendant asking affirmative relief. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Retan & Zeleznik,* for plaintiff.

*Patterson & Patterson,* for defendants.

*Pelton & McGee,* for intervener.

FEAD, J. November 1, 1916, John and Ida Stewart sold certain premises on land contract to Jonathan A. Zahn for $15,000, with down payment of $2,500 in cash, note and security. Zahn became in default on the contract, and on June 1, 1920, the Stewarts had decree of foreclosure in chancery, which provided for sale of the premises and redemption period of six months after sale. No sale was made under the decree. Charles E. and Alice M. Fales were named as defendants in the decree, but the reason did not appear, as the chancery proceedings were not made a part of the record in this court, although they were in evidence and apparently were used by the chancellor in stating the facts in his opinion. On August 5, 1920, the Stewarts sold the premises by warranty deed to Charles E. Fales, subject to Zahn's contract, which Fales agreed to assume, and took a mortgage back, which was later foreclosed and title reinvested in the Stewarts in 1923. On July 25, 1923, the Stewarts sold to Alice M. Fales, and she, on July 24, 1924, gave warranty deed to Davis Investment Company. August 25, 1924, Zahn and wife executed a quitclaim deed to plaintiff Smith, conveying all their

interests under the land contract of November 1, 1916. Plaintiff seeks specific performance of the Zahn contract, and was denied such relief· in the circuit court.

Except identification of the contract by Zahn, there was no oral testimony. Defendants deny· plaintiff's right to specific performance because he had long been in default, there was no showing of performance on the part of Zahn or plaintiff nor of willingness, readiness, offer, or tender of performance; and while plaintiff alleged in his bill that he had offered and tendered the amount due on the contract, and by his bill then offered performance, the answers denied the allegations, and there was, no testimony to substantiate them.

While, ordinarily, the failure of a vendee to tender performance and demand a deed before filing a bill for specific performance only affects the question of costs (*Morris* v. *Hoyt,* 11 Mich. 9), the plaintiff must show some equity running to himself to move the court to grant the remedy. In *Lake Erie Land Co.* v. *Chilinski,* 197 Mich. 214, 224, Mr. Justice FELLOWS stated the rule governing the remedy:

"Remedy by specific performance is not a remedy of right. It rests in the sound discretion of the court. That discretion should not be exercised, unless the case is clear. It should never be exercised where the moving party does not come into court with clean hands, with equities in his favor."

A vendee who has defaulted in his payments for four years, has permitted six more years to elapse without evidencing any intention to meet his obligation or assert rights under the contract, has offered no explanation or excuse for the default nor shown ability or readiness to perform, has raised no equities which entitle him to the discretionary aid of the

court. He must at least demonstrate ability, readiness, and willingness to perform. 36 Cyc. pp. 693, 779; 25 R. C. L. p. 335; Pomeroy, Specific Performance (3d Ed.), §§ 323, 327.

Plaintiff relies wholly upon the decree of 1920, which gave Zahn the right to redeem within six months after sale. If any rights accrue to plaintiff under such decree, the remedy is in that proceeding.

Decree is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.