STECKER *v.* SILVERMAN.

1. SPECIFIC PERFORMANCE—EQUITY—TITLE—PAYMENT OF PURCHASE PRICE—COURT RULES—PLEADING.

In suit for specific performance of a land contract whereby vendor was to present a marketable title within four weeks and purchaser was to pay $50,000 within four weeks and the balance in 90 days, order of trial court, entered seven and a half months after execution of the contract, requiring purchaser to deposit $15,000 with the court within 25 days and allowing vendor 20 days thereafter within which to perfect title, after which purchaser was to pay balance of purchase price, was consistent with bill of complaint to which no answer was timely filed, but pursuant to offer to do equity contained therein vendor moved for deposit of entire purchase price, nor was such order prevented by court rules providing that motions attacking pleadings be filed within 15 days after receipt of pleading to be attacked, that objections not stated were deemed waived, and that allegations of bill not answered were to be taken as admitted (Court Rules Nos. 23, § 2, and 27, § 6 [1933]).

2. SAME—DISCRETION OF COURT.

Specific performance is an equitable remedy, the granting of which lies within the discretion of the court.

Appeal from Wayne; Chenot (James E.), J. Submitted June 11, 1940. (Docket No. 87, Calendar No. 40,788.) Decided September 6, 1940.

Bill by Richard H. Stecker against Harry Silverman for specific performance of a contract to sell real property and for other relief. From order entered, plaintiff appeals. Affirmed.

*Joseph S. Rodd* (*Samuel S. Greenberg*, of counsel), for plaintiff.

*Friedman, Meyers & Keys*, for defendant.

Conditional decrees or requirement of security in specific performance cases, see 2 Restatement, Contracts, § 373.

McALLISTER, J. This is a suit for specific performance of a contract, entered into on November 14, 1938, in which defendant agreed to sell and plaintiff agreed to purchase certain real estate, known as the Pontchartrain Club Building in the city of Detroit, in which, among other stipulations, it was provided that plaintiff was to pay:

"Fifty thousand dollars on or before four weeks from the date of these presents and a further sum of $127,000 on or before 90 days from the date of these presents. * * *

"It is further understood by the parties hereto that the party of the first part (the defendant) shall have sufficient time to perfect his title to said property, provided however that said title shall be perfected within the time limit specified for the payment of the said $50,000."

On February 14, 1939, plaintiff filed his bill alleging that he had offered to perform the contract, but that the defendant had refused and failed to deliver a marketable title. In addition to asking for specific performance, plaintiff prayed for "such other or further relief in the premises as shall be agreeable to equity and good conscience."

Defendant moved to dismiss the bill for want of jurisdiction, but such motion was denied on March 13, 1939, in an order in which the court granted defendant 15 days to answer the bill. Nothing thereafter was done by either party until June 20, 1939, when defendant moved the court to require plaintiff to deposit the entire purchase price, provided in the contract, with the clerk of the court, in accordance with the offer to do equity, included in the bill of complaint. Defendant set forth in his motion that after such deposit he would furnish plaintiff with a marketable title.

After hearing on the motion, on June 29, 1939, the circuit court entered an order requiring plaintiff to deposit the sum of $15,000 in cash with the clerk of the court on or before July 24, 1939, as payment on the purchase price, and allowed the defendant 20 days thereafter within which to make available to plaintiff a marketable title. It was further stipulated in the order that, after defendant had supplied such title, plaintiff was allowed 10 days more in which to pay over the balance of the purchase price; and the court ordered that, upon failure of the plaintiff to deposit the said sum of $15,000 within the time specified, the bill of complaint would be dismissed with prejudice.

From the above order plaintiff appealed, claiming that defendant waived his right to a motion for dismissal by his failure to reply to plaintiff's bill within 15 days, as required by Court Rule No. 27, § 6 (1933), and that by Court Rule No. 23, § 2 (1933), defendant could not thereafter attack the bill; that the court erred in entering its order upon a motion to dismiss without a hearing on the merits and in ordering plaintiff's bill dismissed with prejudice if he failed to comply with the order.

Court Rule No. 27, § 6, sets forth that a motion attacking a pleading must be filed within 15 days after receipt of the pleading to be attacked and that all objections to it not stated in the motion are deemed waived. Court Rule No. 23, § 2, provides that every material allegation in the bill to which defendant shall not make answer shall be taken as admitted by the defendant.

We are unable to see how any application of these rules would prevent the court from entering the order complained of. The petition was for specific performance of a contract for the sale of property. Under the terms of the contract the plaintiff was to

pay $50,000 within four weeks from the date of the contract and the balance within 90 days; and the defendant was to have four weeks within which to perfect his title to the property. The order of the trial court requiring plaintiff to deposit $15,000 with the clerk of the court within 25 days from the date of the order—but seven and one-half months after the contract had been entered into—and giving defendant 20 days thereafter within which to perfect title to the property, after which plaintiff was to pay the balance of the purchase price, was entirely consistent with the case made out in the bill of complaint. It practically amounted to a reduction of the down payment from $50,000 to $15,000, for which the plaintiff has no cause to complain.

The parties were before the court, and it may be assumed that defendant conceded the ultimate right of plaintiff to specific performance upon fulfillment of his own obligation. What defendant sought was some assurance that, after he procured the title, the plaintiff would purchase the property. If the plaintiff did not intend to perform the contract, it would be inequitable to oblige the defendant to go to the considerable effort and expense of fulfilling his part of the agreement only to have the plaintiff withdraw. In asking for equitable relief, the plaintiff offered to do equity, and the order of the court was a proper exercise of equitable powers. Unless plaintiff was willing to perform a small part of the contract seven and one-half months after the execution thereof, when by the terms of agreement he was bound to perform a much greater part within one month thereof, the court was justified in ordering a dismissal of the bill for failure to do equity, as non-compliance with the order, unaccompanied by any explanation or defense, could only reasonably lead the court to the conclusion that the plaintiff did not

intend to carry out the contract and, therefore, was not entitled to equitable relief. Specific performance is an equitable remedy, the granting of which lies within the discretion of the court.

The issue would have been more properly presented if defendant had filed an answer bringing before the court the matters set forth in the motion; but such irregularity does not vitiate the order which accomplishes the same result as a decree in such cases. There was no necessity for a trial on the merits, as is contended by plaintiff, for under the terms of the contract and the pleadings the court had before it everything necessary for a determination of the matters involved and was justified in the manner of its disposition of the case.

The order is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.