GRADE v. LOAFMAN.

1. CONTRACTS—TIME.
   An express provision is not necessary in order to make time of the essence of a contract.

2. SAME—TIME—EVIDENCE OF MATERIALITY.
   Any words which show that the intention of the parties is that time shall be of the essence of a contract, any clause which provides in unequivocal terms that if the fulfilment is not within a specified time the contract is to be void, or a new agreement extending the time of performance, is evidence that the parties considered time material.

3. SPECIFIC PERFORMANCE—EQUITY.
   Equitable relief by way of specific performance should not be granted to plaintiff unless his course of conduct relative to the transaction has been one that warrants the approval of a court of equity.

4. SAME—REMEDY OF GRACE.
   Specific performance is a remedy of grace and is not a matter of right and the test of whether or not it should be granted depends upon the peculiar circumstances of each case.

When time is of the essence of a contract, see 1 Restatement, Contracts, § 276; time usually not of the essence, see § 276 (a).

5. SAME—DISCRETION OF COURT.

    Specific performance is an equitable remedy the granting of which is within the discretion of the court.

6. SAME—MUTUALITY OF OBLIGATION AND OF REMEDY.

    Generally equity will decree specific performance of a contract only in cases where there is a mutuality of obligation and of remedy.

7. VENDOR AND PURCHASER—TIME AS ESSENCE OF CONTRACT.

    On *de novo* review of purchaser's suit for specific performance of land contract wherein it was stated that the deposit made would be returned and agreement be null and void if a certain type of mortgage were not obtained within a specified time, which contract was supplemented by an agreement extending such time 15 days, time was of the essence of the agreement and where purchaser did not perform within time as extended, vendors were entitled to terminate the agreement.

8. SAME—SPECIFIC PERFORMANCE—TIME.

    Purchasers under land contract wherein time was of the essence, who failed to show compliance with provisions of the contract within the time therefor as extended by a supplemental agreement were not entitled to specific performance.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 4, 1946. (Docket No. 40, Calendar No. 43,323.) Decided May 13, 1946.

Bill by Elmer J. Grade against Webster H. Loafman and Myrtle M. Loafman for specific performance of a written contract for sale of land. Decree for defendants. Plaintiff appeals. Affirmed.

*Davidson & Beauchamp,* for plaintiff.

*Harold Sadowski,* for defendants.

STARR, J. On February 13, 1945, plaintiff made a written offer to purchase from defendants the dwelling-house property located at 911 Barrington road in the village of Grosse Pointe Park for a price of $17,500. He deposited $500 with defend-

ants' real-estate agent, and his offer provided in part as follows:

"Deal to be consummated by the additional payment in cash or by certified check of the sum of $17,000 by the purchaser to the sellers, and the execution and delivery by the sellers of a warranty deed conveying a marketable, unencumbered title.

\* \* \*

"This offer being made by the purchasers is contingent upon their obtaining a Federal-housing-administration-guaranteed mortgage in the amount of $11,000, *which commitment must be obtained not later than March 1, 1945,* and in the event such an amount cannot be obtained or an amount satisfactory to purchasers, the deposits made herewith shall be returned to the purchasers and *this agreement become null and void.* \* \* \*

"If above proposition is accepted by owner, on or before February 15, 1945, we (plaintiff) agree to carry out the purchase of said property as above set forth *within 10 days after delivery of abstract or title policy* or forfeit as full liquidated damages the above deposit.

"If title is defective, owner is to have 30 days to correct the same, and should he not do so, the purchaser may either accept the title or cancel this agreement, in which latter event the deposit made herewith will be returned. Under no circumstances shall the owner be liable for nonperformance hereof by reason of defective title except to cause the return of such deposit."

Defendants signed an acceptance of plaintiff's offer, and on February 25, 1945, at his request, they agreed in writing to extend the time within which he could obtain a mortgage loan commitment to March 15th. The balance of $17,000 was not paid, and on March 25th defendants refused to grant a further extension of time within which to close the

deal. On March 27th they notified plaintiff by letter that they were terminating their agreement to sell because of his "failure to perform within the time specified," and that they had instructed their agent to refund his $500 deposit.

The next day, March 28th, plaintiff began the present suit to compel specific performance, and in his bill of complaint he offered to pay into court the full purchase price of the property. Defendants answered, alleging that plaintiff had failed to perform, and denying his right to specific performance. The case was tried and a decree entered dismissing the bill. Plaintiff's motion for a rehearing was denied, and he appeals.

The material facts are not in dispute. Plaintiff's offer expressly provided that if he did not obtain a mortgage loan commitment by March 1st (later extended to March 15th), his deposit of $500 would be returned and the agreement would be "null and void." He did not obtain a mortgage loan commitment by March 15th, and the record shows clearly that he did not have funds available to complete the payment to defendants until March 27th. Furthermore, plaintiff did not tender the balance due on the purchase price prior to filing his bill of complaint.

Plaintiff contends that time was not of the essence of the agreement of sale and purchase, because it was not so specified. He claims that he was entitled to further time after March 15th within which to complete the transaction. We cannot agree with this contention, as the terms of the agreement and extension agreement clearly indicate that time was intended to be of the essence. In 17 C. J. S. pp. 1070, 1071, it is stated:

"An express provision is not necessary in order to make time of the essence of the contract."

It should be noted that at plaintiff's request defendants executed a supplemental agreement extending the time within which he could obtain a commitment for a mortgage loan to March 15th. In 13 C. J. p. 687, it is stated:

"A new agreement extending the time of performance of a contract is evidence that the parties considered time material."

"Any words which show that the intention of the parties is that time shall be of the essence of the contract or any clause which provides in unequivocal terms that if the fulfilment is not within a specified time the contract is to be void will have that effect. * * *

"A new agreement extending the time of performance is evidence that the parties considered time as of the essence." 12 Am. Jur. p. 866, § 311.

See, also, 66 C. J. pp. 691-693.

In *MacGlashan* v. *Harper*, 299 Mich. 662, 667, we said:

"Equitable relief by way of specific performance should not be granted to plaintiff unless his course of conduct relative to the transaction has been one that warrants the approval of a court of equity. *Brear* v. *Baumgartner*, 249 Mich. 633. Specific performance is a remedy of grace and not a matter of right, *Mowat* v. *Walsh*, 236 Mich. 391, and the test of whether or not it should be granted depends upon the peculiar circumstances of each case, *Waller* v. *Lieberman*, 214 Mich. 428. The granting of this equitable remedy lies within the discretion of the court. *Stecker* v. *Silverman*, 294 Mich. 422. See, also, *Richards* v. *White*, 44 Mich. 622; *Smith* v. *Stewart*, 245 Mich. 452; and 58 C. J. p. 1078, § 336."

"The test to be applied in such cases is, Are the sellers obligated to sell and the purchaser to buy?" *Muirhead* v. *Freimann*, 270 Mich. 181, 185.

"As the rule is generally stated, equity will decree the specific performance of a contract only in cases where there is a mutuality of obligation and of remedy." 49 Am. Jur. p. 47.

See, also, *Czeizler* v. *Radke*, 309 Mich. 349.

Reviewing the record *de novo,* we conclude that time was of the essence of the agreement in question; that plaintiff failed to make payment of the balance of the purchase price within the specified time; that he did not obtain a commitment for a mortgage loan on the property by March 15th and that the agreement thereupon became "null and void." Under the facts and circumstances shown by the record, defendants were entitled to terminate the agreement.

Plaintiff failed to establish his right to specific performance, and the trial court did not err in denying his motion for a rehearing. The several cases cited by plaintiff do not sustain his contentions, as the factual situations presented therein distinguish them from the present case.

The decree dismissing the bill of complaint is affirmed, with costs of both courts to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.