SLATER *v.* EDGLEY.

1. Specific Performance—Land Contract—Notice of Incomplete Title in Vendor.
   Specific performance of land contract was properly denied purchaser who was charged with notice that wife of vendors' grantor had not released her dower interest and that such grantor had some interest in the transaction.

2. Same—Discretion of Court—Nature of Remedy.
   Specific performance is a remedy of grace and not a matter of right, an equitable remedy which lies within the discretion of

---

References for Points in Headnotes

[1, 4]  49 Am Jur, Specific Performance, §§ 95, 101.
[1, 4]  Marketable title (as affected by equitable character of the remedy). 57 ALR 1262, 1283, 1399.
[2]  49 Am Jur, Specific Performance, §§ 8, 9.
[3]  49 Am Jur, Specific Performance, § 159 *et seq.*
[4–6]  49 Am Jur, Specific Performance, §§ 46, 170.

the court and is dependent upon the peculiar circumstances of each case.

3. Equity—Jurisdiction—Pleading—Evidence.

Equitable jurisdiction must be asserted in the bill of complaint and then established at the hearing in order that a chancery court may exercise jurisdiction over matters not of general equity cognizance.

4. Same—Specific Performance—Lien for Payment Credited Under Land Contract.

Grounds for equitable jurisdiction were presented by purchaser under land contract who alleged and proved that vendors' grantor who had authorized the vendors to make the contract of sale to plaintiff, benefited by deception practiced by placing title in vendors whose deed back to the grantor and his wife, executed before the land contract, was recorded subsequently, hence, although specific performance was properly denied because title was defective, a lien for amount credited upon the land contract was properly imposed.

5. Same—Liens—Dower—Notice.

Plaintiff who is granted an equitable lien for payment credited on land contract is required to have determination made of value of outstanding inchoate dower right of which plaintiff had notice and such amount paid to holder of such right if property is sold on foreclosure.

6. Same—Lien—Interest—Costs.

Party entitled to equitable lien for payments credited on land contract is entitled to interest at 5 per cent. from date of payment on the land contract together with costs of both courts which are added to lien in her favor.

Appeal from Macomb; Spier (James E.), J. Submitted June 6, 1950. (Docket No. 9, Calendar No. 44,698.) Decided October 2, 1950.

Bill by Fannie Slater against Charles G. Edgley and others for specific performance of an agreement to sell real estate. Bill dismissed and plaintiff given lien for amount paid. Defendant Lewis appeals. Plaintiff cross-appeals. Modified and affirmed.

*Sherman McDonald,* for plaintiff.

*Arthur A. Ude,* for defendant Lewis.

BUTZEL, J. Fannie Slater filed a bill for specific performance of a land contract in which defendants Charles Edgley and Grace Edgley agreed to sell her lots 28 and 29 of Elm Garden subdivision, Warren township, Macomb county, for the sum of $2,500. The bill named as codefendants Joseph Lewis and Clara Lewis, his wife, and stated that they were grantees of the property under a deed which had been executed prior, but recorded subsequently, to the land contract. The bill also named Edith Isaacson as a codefendant, but did not show her interest in the property. Defaults were entered against defendants Edgley and defendant Isaacson for failing to answer the bill. The proofs showed that plaintiff had been credited with payments amounting to $2,-000 and had offered to pay the balance. The trial court denied specific performance but gave plaintiff a lien on the property for the amount of the payments credited to her. Joseph Lewis is the sole defendant who has appealed from the decree. Plaintiff has filed a cross appeal.

While no records of title were introduced at the trial to show the interest in the property held by defendant Isaacson, it was conceded that she was a tenant in common with a one-half interest prior to the conveyance whereby the Edgleys acquired their interest. She received part of the consideration paid by the plaintiff and evidently claims no further interest. After the case was submitted in this Court, she filed a sworn disclaimer of any interest in the property. This disclaimer will be filed with the circuit court on the remand ordered herein.

Joseph Lewis, who was the cotenant in common with Mrs. Isaacson of the lots involved in the instant

action, executed 2 deeds to the Edgleys on January 12, 1948. One was for the 2 lots and the other for a restaurant property not herein involved. These deeds were immediately recorded. On January 17, 1948, the Edgleys reconveyed these properties to Joseph Lewis and Clara Lewis, his wife. Lewis withheld the deed for the lots from record until February 24th. In the interim, on February 2, 1948, the land contract between plaintiff and the Edgleys was entered into.

The Edgleys are friends of Joseph Lewis and have not profited in any way from the transactions. The deeds in which they were grantees and those in which they reconveyed were without consideration. Plaintiff is a friend of the Edgleys and had previous dealings with Lewis, by whom she had at one time been employed and to whom she had loaned $700, for which she held his notes.

Edgley testified that he thought at the time that the deeds of reconveyance covered only the restaurant property and not the 2 lots. He did not learn that he was mistaken until some time after the land contract was made. At the time the contract was entered into Edgley informed plaintiff that Lewis had some interest in the transaction and gave credit on the contract for $1,200, consisting of $700 for Lewis' notes held by her and $500 paid in cash. Edgley gave $100 of the $500 cash paid to Lewis' attorney and the remainder to Lewis. Plaintiff subsequently paid an additional $800 which was turned over to Mrs. Isaacson.

Lewis testified that the purpose of the deeds to and from the Edgleys was to protect Mrs. Lewis, from whom he had been separated for almost 17 years. On the other hand, a fair inference from the record indicates that Lewis was in serious financial difficulties. His attorney had been trying to convince him to file a petition in bankruptcy. These

deeds would have served the purpose of delaying, hindering and defrauding creditors, of whom plaintiff was one.

While the trial court did not file a finding of facts, it is apparent from the decree that its finding was against defendant Joseph Lewis. In reviewing the record *de novo* we are substantially in agreement with the trial court as to the disposition of this case. There was no error in denying specific performance under the circumstances of the case. Plaintiff, at the time of entering into the contract to purchase this entire property, was chargeable with notice that her vendors were record title holders of only the interest formerly held by Joseph Lewis and that Mrs. Lewis had not released her inchoate rights of dower. She also knew that Lewis had some interest in the transaction. This Court has stated in *MacGlashan* v. *Harper,* 299 Mich 662, and *Laker* v. *Soverinsky,* 318 Mich 100, that:

"Specific performance is a remedy of grace and not a matter of right, *Mowat* v. *Walsh,* 236 Mich 391, and the test of whether or not it should be granted depends upon the peculiar circumstances of each case, *Waller* v. *Lieberman,* 214 Mich 428. The granting of this equitable remedy lies within the discretion of the court. *Stecker* v. *Silverman,* 294 Mich 422. See, also, *Richards* v. *White,* 44 Mich 622; *Smith* v. *Stewart,* 245 Mich 452; and 58 CJ, p 1078, § 336."

Defendant Joseph Lewis asserts that the court was without jurisdiction to decree a lien for the amount credited to plaintiff on the contract. Among the authorities he has cited in support of the contention that plaintiff must be left to her remedy at law is *Bartos* v. *Czerwinski,* 323 Mich 87. That case, however, contains the following excerpt from *Robinson* v. *Campbell,* 222 Mich 111:

"For the chancery court to exercise jurisdiction over matters not of general equity cognizance, but involved in the litigation, for the purpose of full and final adjustment of the whole controversy, some ground of equitable jurisdiction must in each case be not only asserted in the bill but established upon the hearing."

The record in this case presents ample grounds for equitable jurisdiction. Not only was Lewis benefited by the deception which he made possible and whereby plaintiff might have suffered a loss, but Mr. Edgley also testified that Lewis specifically authorized that the land contract be made. In the absence of the other factors present, the full relief sought by plaintiff would have been granted against Lewis.

The case is remanded to the trial court. The disclaimer of Mrs. Isaacson may be there filed. The decree is affirmed with the modification that the value of Mrs. Lewis' inchoate right of dower shall be at once determined by the trial court and on distribution of the proceeds from the foreclosure sale, should one become necessary, the amount of the value of the dower so found shall first be paid to her. The decree is further modified so as to include interest at the rate of 5 per cent. from the date of the payment on the land contract. Plaintiff shall be entitled to costs of both courts, which shall be added to the amount of lien in her favor.

Boyles, C. J., and Reid, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.