## MOWAT *v.* WALSH.

1. SPECIFIC PERFORMANCE—REMEDY OF GRACE.
    Specific performance is a remedy of grace rather than of right.[1]

2. SAME—CONTRACT VALIDLY FORFEITED MAY NOT BE SPECIFICALLY ENFORCED.
    A vendee of lots who became in default in his payments, resulting in the valid forfeiture of his contract according to its terms, was not entitled to specific performance

---

[1]Specific Performances, 36 Cyc. p. 548.

more than two years later and after the lots had been sold to good-faith purchasers.[1]

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted June 10, 1926.        (Docket No. 35.)        Decided October 4, 1926.

Bill by William L. Mowat against John H. Walsh for specific performance of a land contract.        From a decree dismissing the bill, plaintiff appeals.        Affirmed.

*Charles A. Lorenzo,* for plaintiff.

*Ralph L. Aldrich,* for defendant.

CLARK, J.        Plaintiff was purchaser and defendant vendor in a land contract, dated March 1, 1920, covering 12 lots in Detroit, the unpaid portion of the purchase price being $3,600, "payable on or before July 1, 1922."        Plaintiff did not reduce the principal debt. On June 30, 1922, he wrote to defendant saying, "Can't you extend it (time of payment) another year or six months?"        On July 3, 1922, defendant replied:

"With reference to your request for an extension of the principal, I regret to say that I will be unable to grant it but I will give you the rest of this month to make provisions for the payment."

Plaintiff neither paid nor tendered anything within the time.        On August 8, 1922, the contract was forfeited according to its terms.        During April, and subsequent months of 1923, defendant sold the lots to various third persons, *bona fide* purchasers.        On February 16, 1925, plaintiff filed his original bill of complaint, and an amended bill for specific performance on October 29, 1925.        The bill was dismissed. Plaintiff has appealed.

Specific performance is a remedy of grace rather

[1]Specific Performances, 36 Cyc. p. 726.

than of right. *Rathbone* v. *Groh,* 137 Mich. 373. We find no infirmity in the forfeiture. Rights of good faith purchasers came in during the long interval between the forfeiture and the filing of the bill. In these circumstances the relief prayed must be denied.

Discussion of some incidental matters presented in the brief would be without profit. The case is ruled by *Oakman* v. *Esper,* 206 Mich. 315.

Decree affirmed, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.