MacGLASHAN v. HARPER.

1. LANDLORD AND TENANT—NONPAYMENT OF RENT—LESSOR'S OPTION.
Under written lease of land from which gravel was taken the
lessor was entitled to terminate the lease when lessee did
not pay his rent or the lease might be continued and lessor
look to lessee's credit or assets for the rent.

2. SAME—NOTICE TO QUIT—STATUTES.
Letters by lessor's attorney demanding that lessee then in
default vacate the premises *held*, sufficient to constitute notice
to quit and termination of the lease pursuant to statute (3
Comp. Laws 1929, § 13492, as amended by Act No. 145, Pub.
Acts 1935).

3. SAME—NOTICE TO QUIT—WAIVER.
After lessor had served notice to quit and of termination of
lease upon lessee who was then in default, subsequent demands
which did not include demands for rent would not con-
stitute a waiver of election to terminate the lease.

4. SAME—OPTION TO PURCHASE—SPECIFIC PERFORMANCE.
A lessee cannot have specific performance of provisions relative
to option to purchase property leased after the lessor had
terminated the lease while lessee was in default in payment
of rent.

5. SPECIFIC PERFORMANCE—REMEDY OF GRACE.
Specific performance is a remedy of grace and is not a matter
of right and the test of whether or not it should be granted
depends upon the peculiar circumstances of each case.

6. SAME—DISCRETION OF COURT.
Specific performance is an equitable remedy the granting of
which is within the discretion of the court.

7. LANDLORD AND TENANT—OPTION TO PURCHASE—TERMINATION OF
LEASE—SPECIFIC PERFORMANCE.
Lessee under lease of land from which gravel was taken, con-
taining option to purchase, was not entitled to specific per-
formance thereof after termination of lease by lessor notwith-
standing tender of amount which he claimed was then due
under the lease.

Discretionary character of relief by way of specific performance,
see 2 Restatement, Contracts, § 359.

Appeal from Lenawee; Taylor (Mark D.), J. Submitted October 8, 1941. (Docket No. 14, Calendar No. 41,593.) Decided December 2, 1941.

Bill by William F. MacGlashan against Rose F. Harper and others, as copartners doing business as Tecumseh Gravel Company, for specific performance of an alleged contract. Decree for defendants. Plaintiff appeals. Affirmed.

*Welsh & Hill* and *Emerson J. Northway,* for plaintiff.

*Glenn L. Williams,* for defendant.

BUSHNELL, J. Plaintiff, William F. MacGlashan, a resident of the State of California, by his attorney and agent, filed a bill of complaint against defendants Harper, Haller and Richards, copartners doing business as Tecumseh Gravel Company, for the reformation of the description in a certain lease, accounting of the amount due and owing by plaintiff, and specific performance of an agreement contained therein to convey lands.

In the record and the exhibits, plaintiff is described as an individual, as "W. F. MacGlashan Associates," and as "W. F. MacGlashan Industries." The answer avers that Tecumseh Gravel Company was a corporation when the lease was made on August 18, 1927. The lease in question was executed by MacGlashan as an individual, and provided for the use and occupancy of certain lands in Lenawee county for a period of five years at an annual rental of $100 payable yearly in advance. It contained a right of renewal for like periods of five years and an option to purchase all or any part of the lands during the continuation of the lease.

The case was submitted on stipulated facts, and the record on appeal consists of this stipulation,

some testimony by the plaintiff, the opinion of the court, the lease, and a number of letters as exhibits. The stipulation shows that plaintiff erected buildings on the land, constructed roads, and otherwise improved the property, installed machinery and equipment for the manufacture of building blocks or tile, and for a time operated the plant. Plaintiff claims that the buildings and improvements cost about $25,000.

During the original five-year term, no rental was paid by plaintiff. The buildings and equipment are still on the land and no proceedings have been taken by defendants to compel plaintiff to vacate. A portion of the rental was paid by moneys from the village of Tecumseh, which operated the plant to manufacture some tile in connection with a Public Works Administration project. In 1935 an attachment suit was instituted by defendants, a judgment obtained and paid, which, with the moneys paid by the village, covered either rentals or use and occupancy up to November 5, 1935. On May 15, 1937, plaintiff paid $100, covering the period up to November 5, 1936. In January of 1939 defendants instituted suit and attached certain of plaintiff's chattels located on the premises, claiming in their declaration an amount due for use and occupancy. In that suit plaintiff filed an answer and claimed that he had continued in possession in accordance with the terms of the lease, and that it had been renewed by operation of law due to his holding over after the termination of the first and second five-year periods. At that time he tendered the amount he claimed was due defendants under the terms of the lease and his claimed renewals thereof, which tender was refused. On August 8, 1939, plaintiff made tender of an additional $100, and shortly thereafter demanded a deed of the premises pursuant to the terms of the lease.

Thereafter plaintiff instituted this suit in chancery, claiming the right to specific performance.

At the trial, the parties agreed that the erroneous description in the lease might be corrected, and that there was no question about the amount owing either under plaintiff's or defendant's theory. A part of the stipulation was as follows:

"It was, therefore, agreed that the only issue to be resolved was whether, as plaintiff claimed, the lease had been renewed from time to time by operation of law and was in full force and effect, or whether, as defendants claimed, the lease had not been renewed after its original five-year term."

The trial judge filed a written opinion in which he said in part that:

"While plaintiff had the privilege of renewing the lease there is nothing in the record to show that he ever exercised that right. He knew that defendants considered the lease at an end and that he was in default. His bill of complaint now comes too late and he is not entitled to the relief sought."

This appeal is from a decree dismissing plaintiff's bill of complaint.

The portion of the lease which contains the option to purchase reads as follows:

"And said first party does hereby grant to said second party the privilege and option of purchasing all or any part of said land, so leased as aforesaid, but not less than one acre thereof, at an agreed price of $200 per acre, said option to continue during the term of this lease or any renewal thereof. And in the event of purchase pursuant to such option, any rental theretofore paid by second party shall be credited and apply upon the purchase price, and the privilege and option of purchasing additional land

shall continue during the full period of this lease or any subsequent renewal or renewals thereof."

The renewal clause of the lease reads:

"And this lease may be by said second party and its successors and assigns renewed for like periods of five years, so long as said first party or its successors or assigns shall continue in the operation of the gravel pit or plant by first party owned and operated adjacent to the lands herein leased."

Correspondence, consisting of 38 letters, between the parties began in December of 1930 with the demand that plaintiff pay four years' accrued rentals. To this plaintiff replied with promises of settlement. Later, when defendants demanded that plaintiff vacate the premises, further indefinite promises were made. These letters show a continued attempt by defendants to press a settlement and the continued avoidance of a settlement by plaintiff.

Plaintiff contends on appeal that defendants' action in accepting rental from him, suing twice for it, and failing to take steps to dispossess him, constitute a ratification of the several renewals of the lease which, he insists, were effected by his holding over after the end of the successive five-year periods.

Assuming that the lease was renewed in 1932, at the expiration of the first five-year period, plaintiff nevertheless was in default in 1937 on his covenant to pay rent. Plaintiff concedes in his petition for rehearing below that his default gave defendants the option to terminate the lease for nonpayment of rent or to continue the lease and look to his credit or assets for the rent.

On March 17, 1937, defendants' attorney wrote plaintiff and demanded that he vacate the premises by May 1, 1937. This demand was renewed on July 1, 1937. These letters alone were sufficient compli-

ance with the provisions of 3 Comp. Laws 1929, § 13492, as amended by Act No. 145, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 13492, Stat. Ann. § 26.1104), to constitute notice to quit and termination of the lease. Subsequent to these letters, defendants never made any demands for rent or accepted any money as rentals. Their later demands were expressly for use and occupancy and did not constitute a waiver of their election to terminate the lease. The lease having been terminated, plaintiff cannot obtain specific performance of its provisions including the option to purchase.

In any event, equitable relief by way of specific performance should not be granted to plaintiff unless his course of conduct relative to the transaction has been one that warrants the approval of a court of equity. *Brear* v. *Baumgartner*, 249 Mich. 633. Specific performance is a remedy of grace and not a matter of right, *Mowat* v. *Walsh*, 236 Mich. 391, and the test of whether or not it should be granted depends upon the peculiar circumstances of each case, *Waller* v. *Lieberman*, 214 Mich. 428. The granting of this equitable remedy lies within the discretion of the court. *Stecker* v. *Silverman*, 294 Mich. 422. See, also, *Richards* v. *White*, 44 Mich. 622; *Smith* v. *Stewart*, 245 Mich. 452; and 58 C. J. p. 1078, § 336.

The course pursued by plaintiff does not warrant the granting of an equitable remedy. The decree of the trial court is affirmed, with costs to appellees.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.