LeBARON HOMES, INC., *v.* PONTIAC HOUSING FUND, INC.

1. Equity—Motion to Dismiss—Pleading—Allegations of Fact.
   On appeal from order granting motion to dismiss bill for specific performance of a claimed land contract and cancellation of deed, well-pleaded allegations of fact in the bill of complaint must be taken as true.

2. Contracts—Bilateral Contracts—Performance.
   Alleged contract whereby plaintiff agreed to pay a sum of money when a certain act had been performed but not obligating defendant to perform such act is not a bilateral contract upon which specific performance will be granted since there is no mutuality of obligation or remedy.

3. Same—Options.
   An option is not a contract of purchase, but is simply an offer, strict compliance with the terms of which is required.

4. Same—Options—Acceptance.
   Acceptance of an offer, contained in an option, must be in compliance with the terms proposed by the option, both as to the exact thing offered and within the time specified, otherwise the optionee's right is lost, substantial compliance with the terms of the option being insufficient to constitute an acceptance.

5. Specific Performance—Option to Purchase Land—Pleading.
   Bill of complaint in suit for specific performance of an option to purchase land was properly dismissed where it failed to allege that conditions necessary to a completion of the option were fully complied with prior to its expiration date.

6. Contracts—Options—Compliance.
   An option may ripen into a binding bilateral contract of purchase and sale by a seasonable exercise of the option and compliance with its terms by the optionee.

7. Vendor and Purchaser—Option Distinguished From Land Contract.
   Distinction between an option and a land contract is that in the latter the seller is obligated to sell and the purchaser to buy; both parties being bound.

Time for acceptance of an offer, see 1 Restatement, Contracts, §§ 40, 61.

8. Specific Performance—Burden of Showing Compliance with Terms of Option.

> Holder of an option seeking specific performance has burden of showing his compliance with its terms and where bill failed to allege that holder complied with terms of option, bill was properly dismissed.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 14, 1947. (Docket No. 65, Calendar No. 43,858.)   Decided December 3, 1947.

Bill by LeBaron Homes, Inc., a Michigan corporation, against Pontiac Housing Fund, Inc., a Michigan corporation, and another for specific performance of an alleged land contract.   Bill dismissed. Plaintiff appeals.   Affirmed.

*Robert D. Heitsch,* for plaintiff.

*Howlett & Hartman,* for defendant Pontiac Housing Fund, Inc.

*Donald C. Porritt,* for defendant Butler.

Boyles, J.   In this case plaintiff filed a bill of complaint in the circuit court for Oakland county in chancery to compel specific performance by the defendant Susie P. Butler of a claimed contract to sell a certain lot, No. 227, Joslyn Gardens subdivision in the city of Pontiac.   Incidental to such relief the plaintiff also sought cancellation of a certain deed whereby the defendant Susie P. Butler had conveyed said lot to the defendant The Pontiac Housing Fund, Inc., also injunctive relief and an accounting.   Defendant The Pontiac Housing Fund, Inc., moved to dismiss the bill of complaint on the ground that the written instrument on which the plaintiff relied was not a contract, hence specific enforcement could not be decreed.   The court

granted the motion and entered an order of dismissal, from which the plaintiff appeals.

Well-pleaded material allegations of fact in the bill of complaint must be taken as true. The plaintiff bases its claims on a certain instrument in writing, which is as follows:

"Exhibit A

"Preliminary Agreement

"Pontiac, Mich. Dec. 28th, 1945.

"We hereby offer and agree to purchase the following described property, situated in the city of Pontiac in the county of Oakland and State of Michigan

"Lots 358, 359, 360 and 361 Joslyn Garden's sub. Lots 220, 221, 222, 223, 224, 225, 226 and 227 Joslyn Garden's sub.

and to pay therefor the sum of $4,080, upon the following terms and conditions: See conditions below ——dollars, upon the signing of this agreement, receipt of which is hereby acknowledged to apply on the purchase price, the same to be returned should proposition be rejected by owner, or prior sale, of said property; or should the title be found unmarketable; the balance to be paid as follows: Each lot to cost $340 and $100 is to be given to the seller when basement has been excavated; and a note shall be then given to the seller for $240 payable when home is ready for draw. All lots to be purchased on the above procedure on or before December, 1946, or option is cancelled. Option is for 1 year.

"Said payments to include 0 per cent. interest. Deal to be closed within as above days and in the event said deal is not completed by reason of my/our refusal or inability so to do, I/we agree to forfeit deposit as stipulated damages. Rents, taxes, other bills and insurance to be adjusted to date of transfer.

............ Purchaser — LeBaron Homes, Inc.

Lester I. Dingee (signed)

Pres."

This "preliminary agreement" was indorsed in writing by the defendant Susie P. Butler, as follows:

"I hereby accept the above offer and agree to terms of same."

While exhibit A is ineptly worded, it obviously purports to be an option granted to the plaintiff by the defendant Susie P. Butler, for one year ending December 28, 1946, to purchase the lot 227 here in question, for $340, of which sum $100 was to be paid to the defendant Susie P. Butler. "when basement has been excavated," and a note then given to her by the plaintiff for the balance, $240, "payable when home is ready for draw." It cannot be construed as a bilateral contract, as claimed by plaintiff, inasmuch as it does not bind the plaintiff to excavate any basement, or to purchase any lot, during the year. Specific performance will be refused where there is no mutuality of obligation or remedy. *Harmon* v. *Muirhead,* 247 Mich. 614.

Furthermore, exhibit A provides in express terms that unless a lot or lots were purchased by plaintiff "on the above procedure" on or before December, 1946, the "option is cancelled. Option is for 1 year."

"An option is not a contract of purchase, it is simply a contract by which the owner of the property agrees with another that he shall have a right to buy the property at a fixed price within a specified time. An option is but an offer, strict compliance with the terms of which is required; acceptance must be in compliance with the terms proposed by the option both as to the exact thing offered and within the time specified; otherwise the right is lost. *Olson* v. *Sash,* 217 Mich. 604." *Bailey* v. *Grover,* 237 Mich. 548, 554.

The question then arises, does this bill of complaint sufficiently allege an acceptance by the plaintiff of the terms of the option, and a sufficient compliance with the terms thereof, during the year, to ripen the option into a contract of purchase and sale, binding on both parties. The bill of complaint alleges:

"That prior to July 16, 1946, it (plaintiff) assumed physical control and possession of said lot No. 227 by causing excavators to go thereon and make excavations for footings for a house similar to the houses which had been built on other lots included in said contract. Following the excavation for said footings on the 16th of July, A.D., 1946, it caused footings to be poured on said lot."

Assuming, but not deciding, that the allegation of an excavation for "footings" is a sufficient allegation that a basement has been excavated, there is no allegation in the bill of complaint that $100 was at any time within the year given or tendered to defendant Susie P. Butler; there is no allegation that a note was "then given to the seller for $240 payable when home is ready for 'draw'." The bill of complaint does, however, allege that "during the month of July, A.D. 1946, it (plaintiff) executed and delivered, and Susie P. Butler accepted its promissory note in the sum of $640, which said promissory note included a $100 payment upon lot No. 227."

No explanation is made in the bill as to why the note was given in the sum of $640, nor is it alleged that the note was accepted by the defendant Susie P. Butler as the required down payment of $100 on said lot 227. Nor is there any allegation that a note was given for the $240 balance of the purchase price for lot 227, or any allegations of fact showing that the terms of the option were fully complied with during the option year by a consummation of the

purchase. The bill of complaint fails to allege that the conditions necessary and essential to a completion of the option were fully complied with prior to its expiration date.

An option may ripen into a binding bilateral contract of purchase and sale by a seasonable exercise of the option and compliance with its terms by the optionee. *Gipson* v. *Hester,* 310 Mich. 378. However, there is a definite line of distinction between an option and a contract of purchase and sale.

"Distinction between an option and a land contract is that in the latter the seller is obligated to sell and the purchaser to buy; both parties being bound. * * *

"Acceptance of an option must be in strict compliance with the terms proposed by the option both as to the exact thing offered and within the time specified, or the right will be lost.

"Holder of an option seeking specific performance has burden of showing his compliance with its terms." *Muirhead* v. *Freimann* (syllabi), 270 Mich. 181.

"An option is a mere offer. *Upton* v. *Travelers Insurance Co.,* 179 Cal. 727 (178 Pac. 851, 2 A. L. R. 1597). Compliance with its terms is minutely required. 4 R. C. L. p. 315; *Hanscom* v. *Blanchard,* 117 Me. 501 (105 Atl. 291, 3 A. L. R. 545). The acceptance must be agreeable to the terms proposed and to the exact thing offered. *Lee* v. *Hedenskoog,* 200 Mich. 427; *Gannon* v. *Stansfield,* 216 Mich. 440; *Archdekin* v. *McDonald,* 1 Dom. L. R. 664. The acceptance must be within the time specified or the right will be lost. 21 L. R. A. 129; 50 L. R. A. (N. S.) 594." *Olson* v. *Sash,* 217 Mich. 604, 606.

"An option is a mere offer and acceptance thereof must be made within the time allowed and in minute compliance with its terms or the optionee's rights thereunder will be lost, substantial compliance with

the terms of the option being insufficient to constitute an acceptance." *Beecher* v. *Morse* (syllabus), 286 Mich. 513.

See, also, *Bergman* v. *Dykhouse,* 316 Mich. 315.

The bill of complaint does not allege facts showing compliance with the terms of the option. Conceding that the plaintiff at the hearing could establish the truth of all of the statements and allegations in the bill of complaint, still such proofs would fall short of showing that plaintiff was entitled to a decree for specific performance, under the above decisions of this Court.

The order dismissing the bill of complaint is affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.