DEROSIA v AUSTIN

Docket No. 56150. Submitted January 8, 1982, at Lansing.—Decided April 23, 1982. Leave to appeal applied for.

John J. Derosia sued Jack E. Austin and Mary Austin in Washtenaw Circuit Court for breach of contract regarding a land sales agreement and Jeffrey R. Gallatin and Gallatin Realty Company for intentional interference with plaintiff's contractual relationship with defendants Austin. Plaintiff sought specific performance of his contract with defendants Austin and punitive damages from defendant Gallatin. The trial court, Roy J. Daniel, J., denied plaintiff's request for specific performance on the ground that defendants Austin had already sold the subject property to defendant Gallatin Realty Company and were no longer in any position to convey the property. The court also found that defendants Austin had committed an anticipatory breach by selling the property one day sooner than they had agreed to, but that they were free to make other arrangements for disposition of the property because at the time they sold the property they knew plaintiff would be unable to perform his part of the agreement on the due date. The court awarded plaintiff $1 in damages plus costs from the defendants Austin for the one day anticipatory breach. The court also ruled that defendant Gallatin did not intentionally interfere with plaintiff's contractual relationship with defendants Austin. Plaintiff moved for a new trial and the motion hearing was assigned to Edward D. Deake, J., who held that the trial court was correct in dismissing plaintiff's tortious interference claim against defendant Gallatin, but also held that plaintiff was entitled to specific performance of his contract with defendants Austin. Defendants Austin objected, asserting that Judge Deake did not have jurisdiction to decide the motion for new trial. Judge

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, Specific Performance §§ 6, 7.
[2] 71 Am Jur 2d, Specific Performance §§ 65-68.
[3] 71 Am Jur 2d, Specific Performance § 68.
[4] 71 Am Jur 2d, Specific Performance § 69.
[5] 45 Am Jur 2d, Interference §§ 39, 41.
[6] 58 Am Jur 2d, New Trial §§ 184, 188.

Deake concurred, finding that the motion for new trial should have been heard by Judge Daniel. Judge Deake withdrew his opinion in the case. Judge Daniel then heard the motion for a new trial, denied the motion, and affirmed his earlier ruling in all respects. Plaintiff appeals and defendant Jack E. Austin cross appeals. *Held:*

1. Plaintiff was not entitled to specific performance of his contract because he never tendered performance under the contract.

2. Because plaintiff was unable to perform on the final date set for closing, he is precluded from being awarded the benefit of his bargain. The trial court's judgment awarding nominal damages, along with costs, is affirmed since plaintiff failed to offer evidence of any incidental damages.

3. The trial court did not err in dismissing the tortious interference claim against defendant Gallatin. Plaintiff failed to present any evidence that Gallatin unjustifiably instigated or induced defendants Austin to breach the contract with plaintiff.

4. Judge Deake did not err in concluding that he did not have jurisdiction to hear plaintiff's motion for a new trial. Judge Daniel was not absent from the circuit court and was the one who should have heard the motion for the new trial.

5. The trial court did not err in finding that defendants Austin committed an anticipatory breach of the contract with plaintiff.

Affirmed.

1. SPECIFIC PERFORMANCE — DISCRETION.

The granting of specific performance lies within the discretion of the trial court, and whether or not it should be granted depends upon the particular circumstances of each case.

2. SPECIFIC PERFORMANCE — TENDER OF PERFORMANCE.

Specific performance will not be granted unless the party seeking it has tendered full performance.

3. VENDOR AND PURCHASER — LAND CONTRACT — OFFER TO CLOSE.

An offer to close on a land contract, unaccompanied by the necessary payment, does not constitute legal tender of· performance.

4. CONTRACTS — INABILITY TO PERFORM — DEFAULT.

A party who is unable to perform a contract generally suffers no loss if the other party defaults.

5. TORTS — CONTRACTS — INTERFERENCE WITH CONTRACTUAL RELA-
   TIONS.

   A prima facie case of tortious interference with contractual
   relations requires a showing that (1) a contract existed, (2) the
   contract was breached, (3) the defendant instigated the breach,
   and (4) defendant did so without justification.

6. JUDGES — CIRCUIT JUDGES — JURISDICTION — COURT RULES.

   A circuit judge has no jurisdiction to hear a motion for a new
   trial following the conclusion of a trial presided over by a
   visiting judge acting under an assignment by the Supreme
   Court where the visiting judge is still under valid assignment
   and is not absent from the court or unable to hear the motion
   for a new trial (GCR 1963, 529.2).

*Glendon & Evasheski, P.C.* (by *John Jeffrey Long*), for plaintiff.

*Hiller, McCormick & Barnett,* for defendants.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Plaintiff sued defendants Austin for breach of contract regarding a land sales agreement and also sued defendant Gallatin for intentional interference with plaintiff's contractual relationship with defendants Austin. Plaintiff sought specific performance of his contract with defendants Austin and punitive damages from defendant Gallatin. Following a bench trial, plaintiff was awarded $1 in damages as a result of the court's finding that defendants Austin had committed an anticipatory breach of the contract with plaintiff. Both parties appeal by right.

Defendants Austin were land contract purchasers of property which consisted of two buildings with a common wall. In one of the buildings, plaintiff operated his business. Plaintiff's lease gave him the right of first refusal to purchase both the premises in which his business was located as

well as the adjoining building. When defendants Austin decided to sell the property, plaintiff was informed of such decision and given 15 days in which to exercise his right of first refusal. Negotiations between the two parties resulted in a signed land sales agreement which provided that closing would take place in 30 days. The agreement did not provide that time was of the essence and, subsequently, both parties agreed to a closing date of February 15, 1979. Two days prior to that date, plaintiff's attorney realized that a mortgage survey had not been ordered for the property and that mortgage funds would not be dispensed without such a survey. Plaintiff's attorney ordered the mortgage survey and called defendants' attorney to inform him that the transaction could not be closed on the appointed date. Plaintiff's attorney suggested February 22, 1979, as a new date for closing and was under the impression that defendants' attorney had agreed to such a date. Although this agreement was disputed by defendants' attorney, the trial court found that an agreement to close on February 22, 1979, had been reached. However, because of difficulties in procuring the mortgage survey, plaintiff's attorney informed defendants' attorney that the closing would have to be postponed until February 27, 1979. There was no response from defendants' attorney regarding this postponement. On February 21, 1979, defendants Austin sold the property to defendant Gallatin Realty Company. This suit resulted.

The case was assigned to visting Judge Roy J. Daniel in the Washtenaw Circuit Court. The court ruled that there was a contract between plaintiff and defendants Austin, that the date of closing was not a material element of the contract, and that the parties through their counsel had agreed

to close on February 22, 1979. The court also held that there was no agreement to extend the date of closing to February 27, 1979, and that such an extension would have been unreasonable. Plaintiff's request for specific performance was denied, as the court found that defendants Austin were in no position to convey the property since they no longer had any interest in it. The court ruled that defendants Austin committed an anticipatory breach of the contract with plaintiff by selling the property to defendant Gallatin Realty Company on February 21, 1979, but that since defendants Austin knew that plaintiff could not perform on February 22, 1979, they were free to make other arrangements. The court stated that because plaintiff could not perform on the due date he was not entitled to the benefit of his bargain but was entitled to damages for the one day anticipatory breach committed by defendants Austin. The resulting order awarded plaintiff $1 in damages plus costs from defendants Austin. Finally, the trial court ruled that defendant Gallatin did not intentionally interfere with plaintiff's contractual relationship with defendants Austin.

Plaintiff moved for a new trial and the case was assigned to Judge Edward D. Deake. Judge Deake issued a ruling that the trial court was correct in dismissing plaintiff's tortious interference claim against defendant Gallatin. However, Judge Deake ruled that plaintiff was entitled to specific performance of his contract with defendants Austin. Plaintiff moved to enter an order in conformity with this ruling, but defendants objected on the ground that Judge Deake did not have jurisdiction to decide the motion for a new trial. Judge Deake concurred, finding that under GCR 1963, 529.2 the motion for a new trial should have been decided

by Judge Daniel, and he withdrew his opinion in the case. Judge Daniel heard the motion for a new trial, denied the motion, and affirmed his earlier ruling in all respects. The appeal by both parties is now before us.

Plaintiff's first issue on appeal is whether the trial court erred in holding that plaintiff is not entitled to specific performance of the contract. Plaintiff argues that he had secured a mortgage commitment and was prepared to close the deal on February 27, 1979, and that these actions constituted a tender of performance.

The granting of specific performance lies within the discretion of the court and whether or not it should be granted depends upon the particular circumstances of each case. *MacGlashan v Harper,* 299 Mich 662, 667; 1 NW2d 30 (1941), *Mowat v Walsh,* 236 Mich 391, 392-393; 210 NW 233 (1926). We agree with the trial court's decision not to grant specific performance in favor of plaintiff. Plaintiff never tendered performance under the contract. The general rule is that a court of chancery will not grant specific performance unless the party seeking the decree has tendered full performance. *McWilliams v Urban American Land Development Co,* 37 Mich App 587, 592; 194 NW2d 920 (1972), *Sterling v Fisher,* 356 Mich 634, 640; 97 NW2d 64 (1959). Plaintiff's argument that he tendered performance by securing a mortgage commitment and informing defendants that he was prepared to close on February 27, 1979, is unpersuasive. An offer to close, unaccompanied by the necessary payment, does not constitute legal tender. *McWilliams v Urban American Land Development Co, supra, Nedelman v Meininger,* 24 Mich App 64, 75; 180 NW2d 37 (1970). Since plaintiff's offer of tender was insufficient, he was not entitled to specific performance.

Plaintiff's second issue on appeal is that the trial court erred in applying the measure of damages. The trial court found as a matter of fact that the parties agreed to close the sale on February 22, 1979. Since plaintiff could not perform on that date, the court ruled that he was not entitled to the benefit of his bargain. Plaintiff failed to offer evidence of any incidental expenses incurred by him so the court awarded him nominal damages of $1, along with costs.

Generally, when a plaintiff is unable to perform he suffers no loss through the defendant's default. *Brunswick-Balke-Collender Co v Foster Boat Co,* 141 F2d 882, 884 (CA 6, 1944), *Hill v Mathews,* 78 Mich 377, 385; 44 NW 286 (1889). We find that since plaintiff was unable to perform on the final date set for closing he is precluded from being awarded the benefit of his bargain. Since plaintiff failed to offer evidence of any incidental damages, the trial court's judgment awarding nominal damages, along with costs, is affirmed.

Plaintiff next argues that the trial court erred in finding that defendant Gallatin did not tortiously interfere with plaintiff's contractual rights. Plaintiff alleges that defendant Gallatin knew that plaintiff had a contract with defendants Austin, defendant Gallatin unjustifiably induced defendants Austin to breach their contract with plaintiff, and that plaintiff was damaged by the resulting breach.

The elements of a prima facie case of tortious interference with contractual relations were established by this Court in the case of *Northern Plumbing & Heating, Inc v Henderson Brothers, Inc,* 83 Mich App 84; 268 NW2d 296 (1978). Plaintiff must show that: a contract existed, it was breached, defendant instigated the breach, and

defendant did so without justification. See also *Dassance v Nienhuis,* 57 Mich App 422, 433; 225 NW2d 789 (1975). In the present case, plaintiff failed to present any evidence that defendant Gallatin unjustifiably instigated or induced defendants Austin to breach the contract with plaintiff. We conclude that the trial court did not err in dismissing the tortious interference claim against defendant Gallatin.

Plaintiff's final issue on appeal is whether Judge Deake erred in concluding that he did not have jurisdiction to hear plaintiff's motion for a new trial. Plaintiff argues that Judge Daniel was absent within the meaning of GCR 1963, 529.2, and therefore Judge Deake had jurisdiction to hear the motion and render an opinion.

GCR 1963, 529.2 provides that:

".2 Correction of Error by Other Judges. No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge except the one who made the judgment or order, unless he is absent or unable to act. If the circuit judge who made the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be made by any of the other judges of the circuit or any judge assigned to the circuit."

Judge Daniel was serving in the Washtenaw County Circuit Court as an acting judge under an assignment by the Michigan Supreme Court. The record does not disclose whether Judge Daniel was still hearing cases in that circuit court at the time that plaintiff moved for a new trial. Judge Daniel's appointment to the court was still valid and the fact that he heard the case after Judge Deake withdrew his opinion for lack of jurisdiction indi-

cates to us that Judge Daniel could have been assigned the motion for a new trial. We conclude that Judge Daniel was not absent from the Washtenaw County Circuit Court, and, under GCR 1963, 529.2, he was the judge who should have decided plaintiff's motion for a new trial.

Defendants Austin also raise an issue on appeal. They claim that the trial court erred in holding that their actions constituted an anticipatory breach of their contract with plaintiff. Defendants argue that the contract provided that plaintiff was to close within 30 days, plaintiff was obligated to complete the transaction within such time, and defendants' attorney did not agree to extend the closing date past February 15, 1979.

The trial court found as a matter of fact that the attorneys representing both parties agreed to extend the closing date from February 15 to February 22, 1979. Although the parties dispute whether or not an agreement to such extension was made, the trial court was in a better position to judge the credibility of the witnesses, so we uphold its factual finding that the closing date was indeed extended. Since defendants Austin conveyed the property to defendant Gallatin Realty Company on February 21, 1979, the trial court did not err in finding that defendants committed an anticipatory breach of the contract with plaintiff.

For the foregoing reasons, the decision of the lower court is affirmed.