PARPART v CITY OF DETROIT

Docket No. 124665. Submitted January 9, 1992, at Detroit. Decided July 6, 1992, at 9:05 A.M.

Delores A. Parpart, as personal representative of the estate of Ernest A. Parpart, deceased, brought an action in the Wayne Circuit. Court against the City of Detroit and three of its emergency services operators and supervisors, alleging that the defendants' failure to respond quickly to calls for assistance for Mr. Parpart constituted negligence, gross negligence, and wanton and wilful conduct to which an exception to governmental immunity applies, MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). The court, Richard P. Hathaway, J., granted summary disposition for the defendants. The plaintiff appealed from the order granting summary disposition for the individual defendants.

The Court of Appeals *held:*

The trial court properly ruled that the plaintiff failed to raise a genuine issue of material fact regarding whether the defendants were guilty of gross negligence. The plaintiff merely reiterated the allegations contained in the complaint in response to the facts asserted by the defendants in their motion or the attached documents and did not file documentary evidence, affidavits, or depositions supporting her opposition to the facts asserted. Summary disposition was proper.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting, stated that the court erred in giving the benefit of unsupported, unauthenticated, and unsworn documentary evidence to the defendants, while discounting the contradictory claims of the plaintiff. The court erred in granting summary disposition for the individual defendants without having a record on which to base any finding, express or implied, that no factual development could possibly justify the plaintiff's allegations of gross negligence and wilful misconduct.

*Archer, Kenney & Wilson* (by *Robert J. Wilson*), for the plaintiff.

*Brenda M. Miller,* Assistant Corporation Counsel, for the defendants.

Before: MICHAEL J. KELLY, P.J., and JANSEN and
T. J. LESINSKI,* JJ.

T. J. LESINSKI, J. Plaintiff appeals as of right a
Wayne Circuit Court order granting summary dis-
position in favor of defendants Hinton, McDonald,
and Morgan pursuant to its finding that plaintiff
had failed to establish a factual issue regarding
gross negligence on the part of those defendants,
emergency telephone operators for the defendant
City of Detroit. See MCR 2.116(C)(10). We affirm.

Plaintiff alleged that ten calls were made to the
City of Detroit's 911 number between 8:43 P.M. and
10:22 P.M. on July 16, 1986, seeking assistance for
decedent. EMS technicians arrived at decedent's
residence at 10:29 P.M. to find that decedent had
no vital signs. Decedent was pronounced dead at
11:05 P.M. at Oakwood Hospital in Dearborn, Mich-
igan. Plaintiff asserts that defendants' failure to
respond quickly to the emergency constituted neg-
ligence, gross negligence, and wanton or wilful
conduct, conduct for which governmental immu-
nity is not available. See MCL 691.1407(2)(c); MSA
3.996(107)(2)(c).

In support of their motion for summary disposi-
tion, defendants offered the daily log of calls re-
ceived by the 911 operators. The log indicates that
someone called the 911 number on behalf of dece-
dent three times on the night of July 16, 1986,
specifically at 10:13 P.M., 10:20 P.M., and 10:22 P.M.
The log is devoid of any entry preceding the one
listed at 10:13 P.M. The record also contains evi-
dence that EMS technicians received the call from
a 911 operator at 10:16 P.M. and arrived at dece-
dent's residence by 10:29 P.M. The motion was
supported by an affidavit of defense counsel that

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

stated that the affidavit was based on personal knowledge, and that the affiant knew the contents of the motion and that they were true except with regard to those matters therein stated to be upon information and belief, which she believed to be true.

In defense of her position, plaintiff merely reiterated the allegations contained in the complaint, namely, that a total of ten calls were made to the 911 operators on the night in question. No challenge using documentary evidence, affidavits, or depositions was filed in support of plaintiff's opposition to the facts asserted by the defendants in the motion for summary disposition or the documents attached thereto.

A motion for summary disposition brought under MCR 2.116(C)(10) tests whether there is factual support for a claim. Once the moving party has supported its position with documentary evidence, the party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 773; 447 NW2d 864 (1989). The nonmovant may not rest upon mere allegations in the pleadings but must, by the use of documentary evidence, set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4); *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 114-115; 469 NW2d 284 (1991). All inferences are to be drawn in favor of the nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987). Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by the evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988).

Applying the facts of this case to the law, we conclude that the trial court properly ruled that

plaintiff failed to raise a genuine issue of material fact regarding whether the defendants were guilty of gross negligence. Consequently, the trial court properly granted defendants' motion for summary disposition upon finding that the case failed to come within any exception to governmental immunity.

Affirmed.

JANSEN, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting)*. The City of Detroit was granted summary disposition in this case on September 22, 1989, and that order is not at issue. On October 30, 1989, a motion for summary disposition was filed on behalf of defendants Hinton, McDonald, and Morgan, the city's civilian employees who are emergency services (911) operators or supervisors. That motion sought summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). In its order granting summary disposition, the trial court failed to indicate the subsection or subsections on which it relied. The order states as follows:

> Because of documentary exhibits attached to [defendants'] brief, this court finds no gross negligence, nor a question of fact as to any negligence. Therefore, case dismissed on governmental immunity.

This was clearly erroneous.

The exhibits attached to defendants' brief were never authenticated, never marked as exhibits, never received in the record, never the subject of a deposition or evidentiary hearing, and were supported only by the affidavit of Brenda Miller, assistant corporation counsel and attorney for Hinton, McDonald, and Morgan, that stated as follows:

Brenda M. Miller, being first duly sworn on oath, deposes and states the following:

1. That she is the attorney representing Defendants Louella Hinton, Barbara McDonald and Hazel Morgan in the above-captioned matter.

2. That she makes this affidavit based upon personal knowledge, and in support of Defendants', Louella Hinton, Barbara McDonald, and Hazel Morgan, Motion for Summary Disposition.

3. That she knows the contents thereof, and that the same are true, except as to those matters therein stated to be on information and belief, which same she believe [sic] to be true.

4. That if called to testify to the aforementioned facts in a court of law, she could so competently testify.

The detail of the computer printout was interpreted to indicate that the 911 operators had received three calls. The first at 10:13 P.M., the second at 10:17 P.M., and the third at 10:29 P.M.

Plaintiff responded in a similar brief, supported by a similar affidavit that stated as follows:

Robert J. Wilson, being first duly sworn, deposes and says as follows:

1. That he is attorney of record for Plaintiff, and has been since the date of filing of the initial complaint in January, 1988.

2. That he has read the attached Supplemental Brief and avers that the facts contained therein are true upon information and belief, and to the best of his knowledge.

Further affiant saith not.

I find the affidavits supporting both the motion and the response violative of MCR 2.119(B)(1) in all respects. However, if the court disregarded the rule for defendants, it should have leveled the field for plaintiff. The trial court erred in giving the

benefit of unsupported, unauthenticated, unsworn
documentary evidence to the defendants, while
discounting the contradictory claims of the plain-
tiff. The plaintiff alleged that:

> Between 8:43 P.M. and 10:22 P.M., no less than 10
> calls were made by the various persons to the 911
> operator advising of the seriousness of the plain-
> tiff's decedent's condition, and repeatedly request-
> ing a dispatch of an emergency vehicle. . . .
>
> There was a failure on the part of the 911
> operators to even record any except three of the
> calls that they received between 10:13 and 10:22
> P.M.
>
> The EMS dispatched emergency vehicle arrived
> after 10:22 P.M., and transported plaintiff's dece-
> dent to the hospital where he was pronounced
> dead at 11:05 P.M. Plaintiff's decedent was alive for
> almost one hour after the first emergency call was
> made.

Plaintiff also alleged that the 911 operation mix-
up was due to, in part, a work stoppage resulting
from a labor dispute and that that had an effect
upon the efficiency of those operators pressed into
service at the time of the emergency involving
plaintiff's decedent. The trial court did not have a
record on which to base any finding, express or
implied, that no factual development could possi-
bly justify plaintiff's allegations of gross negligence
and wilful misconduct. The trial court erred.

I would reverse and remand.